# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **No. 3:19-cr-00171- (VLB)** |
| **v.** | : | |
| | : | |
| **CRISPIN ABARIENTOS** | : | |
| Defendant. | : | **October 23, 2019** |
| | : | |
| | : | |
| | : | |
| | : | |

Before the Court is Defendant Crispin Abarientos's Motion for Reconsideration [Dkt. 28] of the Court's October 7, 2019 Order [Dkt. 22] denying Defendant's Motion to Continue Sentencing. For the reasons set forth below, the Court DENIES Defendant's Motion for Reconsideration [Dkt. 28].

## Background

Defendant stands before the Court having plead guilty to Health Care Fraud, in violation of 18 U.S.C. § 1347. [Dkt 17 (Order Adopting Finding and Recommd. of Magistrate Judge Richardson)]. Defendant previously sought a 90 day continuance to evaluate assets and negotiate a resolution of civil penalties under the False Claims Act arising from Defendant's conduct. [Dkt. 21 (Def. Mot. to Cont. Sentencing)]. Defendant asserted that "[t]he process in this case is complex in that there are stock/bonds, retirement programs and real estate that needs to be evaluated and liquidated and tax consequences need to be determined." *Id.* at ¶ 5. The Court noted, however, that the Net Worth Statement certified by Defendant for the Pre-Sentence Investigation did not show ownership of securities, retirement

accounts, or significant real estate. [Dkt. 22 (Order Denying Def. Mot. for Cont. of Sentencing)].

Additionally, the Defendant sought additional time to consult a forensic psychologist and forensic psychiatrist, but sufficient time remained to consult with these professionals. [Dkt. 21 (Def. Mot. for Cont. of Sentencing) ¶ 6]. Moreover, Defendant's motion did not explain why a 90 day continuance was necessary to secure their opinions, considering Defendant waived his right to plead a jury indictment and petitioned to enter a guilty plea four months earlier.

Now, on reconsideration, Defendant filed a sealed Amended Net Worth Statement [Dkt. 30 (10/14/2019, Decl. of Def. Net Worth & Cash Flow Statements)], showing, *inter alia*, over four million dollars in retirement and investment accounts omitted from Defendant's July 24, 2019 Net Worth Statement previously submitted to the U.S. Probation Officer [Dkt. 19-1 (Pre-Sentencing Report, Draft) Ex. 1].

Defendant explains that the updated statement was necessary because "it has been confusing for the defendant and his spouse to obtain various bank and investment paperwork and to figure out the specific items to list." [Dkt. 28 (Def. Mot. for Reconsideration) ¶ 6)]. In addition to counsel, Defendant is aided by an accountant in the valuation of these assets. *Id.* ¶¶ 6, 8.

Defendant represents that it appears that all parties are desirous of a united resolution of the criminal and civil liability. *Id.* at ¶ 6. Defendant also argues that resolving the civil penalties shows that Defendant fully cooperated federal

agencies in reaching a resolution. *Id.* at ¶11. Lastly, Defendant states that he is still working to obtain documentation regarding his mental health issues. *Id.* at ¶ 12.

## Analysis

First, Defendant's Motion for Reconsideration is untimely. Local Rule 7(c) requires that motions for reconsideration be filed within seven days of the filing of the decision or order from which such relief is sought. Here, Defendant's Motion for Reconsideration was filed eleven days after the Court's October 7, 2019 Order denying the Defendant's requested continuance.

Defendant's motion is also meritless. The standard for reconsideration, as set forth in Local Rule 7(c), states that: "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (… "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.")

Defendant does not point to a controlling decision or data overlooked by the Court. There is no suggestion, much less demonstration, that the new information offered in support of Defendant's motion for reconsideration could not have been submitted in the first instance.

"A sentencing court has broad discretion respecting the scheduling of sentencing proceedings. Absent a showing both that the denial (of a requested continuance of sentencing) was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence…" a sentence will not be vacated on appeal. *U.S. v. Yuzary*, 17 F. App'x 43, 46 (2d Cir. 2001)(citing *U.S. v. Booth*, 996 F.2d 1395, 1397-98 (2d. Cir. 1993).

Even if this additional financial information was available, delaying sentencing to accommodate the convenience of the parties in related civil litigation is unwarranted. Fed. R. Crim. P. 32(b) requires that the Court impose sentence without unnecessary delay. Neither the Defendant's original motion for a continuance, nor the motion for reconsideration, explain why Defendant cannot manage the valuation and liquidation of assets before the commencement of his sentence or after the sentence is imposed.

Lastly, on reconsideration, Defendant broadly states that he is still working to obtain documentation concerning his mental health issues that may aid the Court in sentencing. [Dkt. 28 (Def. Mot. for Reconsideration) ¶ 12]. This argument fails to satisfy both the strict reconsideration standard and Local Rule 7(b)'s requirement for a particularized showing of good cause for an extension. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." Local Rule 7(b). Here, Defendant fails to state what information or documentation was requested, when and from whom, or proffer what that data may

show. Moreover, Defendant has not suggested a causal connection between any possible mental health condition and the admitted fraud.

## Conclusion

The Court DENIES the Defendant's Motion for Reconsideration. Defendant's Sentencing will occur on October 30, 2019 at 2:00pm in Courtroom Three, Hartford Connecticut before the undersigned.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 23, 2019